**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION**

| | |
|---|---|
| KAREN CAREY<br>3002 Wyndurgh Drive<br>Columbus, OH 43219, | Case No.:    2:22-cv-03743<br><br>JUDGE |
| Plaintiff, | MAGISTRATE |
| vs. | |
| COLUMBUS BOARD OF EDUCATION<br>270 East State Street<br>Columbus, OH 43215, | **COMPLAINT (WITH JURY TRIAL DEMAND)** |
| and | |
| COLUMBUS CITY SCHOOLS<br>c/o Talisa L. Dixon<br>In Her Official Capacity as Superintendent of Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215, | |
| and | |
| DR. SANDY D. WOMACK, JR.<br>In His Official Capacity as<br>Area Superintendent, Region 3<br>Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215, | |
| and | |
| CHRISTY NICKERSON,<br>In Her Official Capacity as Principal of South High School<br>Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215, | |
| Defendants. | |

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 1

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("**Title VII**"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("**Title I**") (collectively "**Civil Rights Act**"), to correct unlawful employment practices on the basis of color, and to provide appropriate relief to Karen Carey ("**Plaintiff**" or "**Ms. Carey**") who was adversely affected by such practices. Plaintiff contends that Defendant Columbus Board of Education, Defendant Columbus City Schools, Defendant Dr. Sandy D. Womack, Jr., and Defendant Christy Nickerson (collectively, "**Defendants**"), violated the Civil Rights Act by subjecting Ms. Carey, a dark-complexioned African American employee to a hostile and abusive work environment because of her color.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff Ms. Carey is, and has been at all times material, a resident of Franklin County, Ohio, and at all times relevant to this Complaint, has been employed as Assistant Principal of South High School, a school of Defendants Columbus Board of Education and Columbus City Schools.

4. Defendant Columbus Board of Education ("**Board of Education**") is a public employer and at all times relevant to this Complaint, maintained an administrative office at 270 E. State Street, Franklin County, Columbus, Ohio.

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 2

5. Defendant Columbus City Schools ("**CCS**") is a public employer and at all times relevant to this Complaint, maintained an administrative office at 270 E. State Street, Franklin County, Columbus, Ohio.

6. Defendant Dr. Sandy D. Womack, Jr. ("**Dr. Womack**") was, at all times material herein, a duly appointed superintendent for Defendant CCS's Region 3 who provides oversight, professional development, implementation, support of CCS's vision, mission, and goals, and communication between CCS's Chief Transformation Officers and CCS's principals. Dr. Womack was responsible for interviewing and hiring of principals as well as generating employee records, including performance reviews and disciplinary actions.

7. Defendant Christy Nickerson ("**Nickerson**") was, at all times material herein, a duly appointed and acting principal at South High School in CCS's Region 3 under the oversight of Dr. Womack.

## FACTS

8. From about September 2, 2020, to July 1, 2022, Ms. Carey was subjected to different terms and conditions of employment than other employees, including but not limited to, being required to work in a isolated room that was converted into her work space, being excluded from meetings and important lockdown announcements, having her vehicle damaged by CCS's Supervisor of Safety and Security without requiring action or reporting, being denied a request for a transfer to another school despite availability, was repeatedly disciplined by Defendants as insubordinate, without justification.

## STATEMENT OF CLAIMS

9. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 3

10. More than thirty days prior to the initiation of this lawsuit Ms. Carey filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendants. All conditions precedent to the initiation of this lawsuit have been fulfilled.

11. Starting at about September 2020, Defendants Board of Education, CCS, and Dr. Womack violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Carey, a dark-skinned African American employee to harassment based on the color of her skin and by failing to take prompt remedial action intended to eliminate the harassment after it became aware of Nickerson's illegal behavior.

12. The effect of the practices complained of in paragraph 10 above has been to deprive Ms. Carey of equal employment opportunities and otherwise adversely affect her status as employee because of her skin color.

13. Defendants' unlawful employment practices complained of in paragraph 10 above were intentional.

14. Defendants' unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to Ms. Carey's federally protected rights as a dark-skinned African American employee.

## PRAYER FOR RELIEF

The preceding paragraphs are re-alleged and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally as follows:

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 4

A. Grant a permanent injunction enjoining Defendants and all persons in active concert or participation with them, from engaging in any employment practice which discriminates against Plaintiff on the basis of color or in retaliation;

B. Order Defendants to make Plaintiff whole by providing punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

C. Order Defendants to provide training to its administrators and employees regarding harassment in the workplace;

D. Grant such further relief as the Court deems necessary and proper in the public interest; and

E. Award Plaintiff her costs in this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

_____
Tonya McCreary Williams (0091533)
**McCreary Law, LLC**
3045 Brice Road, Unit 82, Brice, OH 43109
614.636.6005 (office)
Contact@McCrearyLawColumbus.com
*Trial Attorney for Plaintiff Karen Carey*